### SONNEBORN v. STEINAN.

#### (Supreme Court, Appellate Term. December 17, 1903.)

1. INNKEEPERS—REMOVAL OF LODGER—DUTY TO RELET—EVIDENCE.

    Where a lodger, who had taken lodging for a definite time, on leaving before the expiration of that period, stated that his room should be reserved for him, or for some tenant whom he should procure, the jury was warranted in finding that the lodging house keeper was absolved from the duty of reletting at her own instance on the lodger's account.

Appeal from Trial Term.

Action by Selma Sonneborn against Charles J. Steinan. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

B. Gerson Appenheim, for appellant.
Joseph J. Myers, for respondent.

BISCHOFF, J. The plaintiff, a boarding house keeper, sued for the defendant's breach of an entire contract whereby he agreed to pay $100 a month for a room and board for himself and his wife during a period ending July 9, 1902. As to the entire character of the contract, the plaintiff's testimony was corroborated by a disinterested witness, and we find no reason for disturbing the jury's conclusion upon the facts. There was evidence, also, that the defendant, when removing from the premises, in effect, stated that his room could be reserved for him, or for some tenant he should procure; and, upon this state of facts, the jury could well find that the plaintiff was absolved from a duty of reletting at her own instance for the defendant's account. Moreover, the only tenant who offered was not

necessarily to be accepted by her, as a matter of strict legal duty, in view of the effect which the relatively small amount receivable from this proposed tenant might be deemed to have had upon the plaintiff's business in the maintenance of an establishment of a defined standing. It was also proven that no profit resulted from the permissive occupation of this room by other boarders, and that the changing of rooms (there being no new boarders during the period of the contract) had no effect in lessening the plaintiff's damages. With a proper allowance, according to the evidence, for moneys saved to the plaintiff in the food, lighting, and heating to be supplied to the defendant under the agreement, had he performed it, the verdict represented the compensatory damages to which the plaintiff was entitled, measured by the agreed rate of payment, and was in no aspect excessive.

The record presents no ground for reversal, and the judgment is therefore affirmed, with costs. All concur.